IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     vs.<br><br>MICHAEL JAMES HUNT,<br><br>              Defendant. | **4:21CR3105**<br><br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

Defendant has moved to suppress all evidence obtained during the search of his business and residence on or about September 17, 2020. (Filing No. 32). Defendant claims the affidavit supporting the warrants to search these properties omitted information that, if included, would have precluded a finding of probable cause. Defendant requests a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). For the reasons stated below, the motion to suppress should be denied without a hearing.

## EVIDENCE OF RECORD

A warrant affidavit is considered presumptively valid. Franks, 438 U.S. at 171.. When a defendant alleges an affiant officer deliberately included false statements or concealed material information in a warrant application, the defendant must provide evidence to support those allegations. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Id. Here, the defendant has offered the warrant applications and a laboratory report from the Nebraska State Patrol Crime Laboratory in support of his motion to suppress and for a Franks hearing. The following summarizes that evidence.

**A.     Warrant Affidavits**

The affidavits supporting the challenged warrants were signed by Nebraska State Patrol Investigator E. Hesser. They were presented to a Nebraska County Court Judge. On September 15, 2020, a warrant was issued to search Hunt's business, Hunt's Construction & Roofing, at 1909 East 4th Street in North Platte, Nebraska. A separate warrant was issued to search Hunt's residence at 492 West North River Road in Lincoln County, Nebraska, on September 17, 2020. The following summarizes the warrant affidavits.

1.     Warrant to search Hunt's business

Special Agent Mike Einspahr with the U.S. Department of Homeland Security contacted Hesser and stated U.S Customs and Border Protection in Champlain, New York intercepted a shrink-wrapped package containing an estimated 500 pills. A "NIK R" test was administered, and the packaged pills field tested as positive for Alprazolam (Xanax), a schedule IV controlled substance.

The packaging label indicated it was sent from a person in Canada to Michael Hunt, at 1909 East 4th Street in North Platte, Nebraska, the address of Hunt's business. Michael Hunt is a convicted felon. At Einspahr's request, Hesser solicited U.S. Postal Inspector Derek Ryan to make a controlled delivery of the package to 1909 E. 4th Street, North Platte, Nebraska. The warrant application asked for a warrant permitting law enforcement to search Hunt's property upon completion of the controlled delivery.

Based on the statements in the warrant application, a warrant was issued to search Hunt's business, its vehicles, outbuildings, sheds, and garages. (Filing No. 36-1).

2.    Warrant to search Hunt's residence

Hesser's second warrant application, submitted on September 17, 2020, requested authority to search Hunt's residence at 492 West North River Road in Lincoln County, Nebraska. (Filing No. 36-2). The supporting affidavit stated Hesser and other law enforcement officers observed a postal inspector deliver a package containing Alprazolam pills to Hunt at his business, located at 1909 East 4th Street in North Platte, Nebraska. After the delivery was made, Hesser saw Hunt holding the package of pills.

When law enforcement officers searched the 1909 East 4th Street property, they found approximately 3000 rounds of ammunition with packaging labels addressed to Hunt. They also found a handgun speed loader, but no firearms. Hesser's records check revealed Hunt has a 2007 felony conviction for DUI-4th/Subsequent Offense.

Hunt's wife, Amanda Schmidt, was present during the search. In response to Hesser's questioning, Schmidt stated she lived with Hunt at his residence at 492 West North River Road in Lincoln County, Nebraska. She stated there were no firearms at the business location, but there were firearms in Hunt's residence. She further stated Hunt had placed a pill in one of her prescription bottles that did not belong in that bottle.

The warrant application was granted, and a warrant was issued to search Hunt's residence. (Filing No. 36-2).

**B.    Laboratory Report**

Over five months later after the warrants were issued, on March 1, 2021, the Nebraska State Patrol Laboratory reported the seized pills were not Alprazolam.

3

Instead, they contained etizolam, which is not a controlled substance. (Filing No. 36-3).

ANALYSIS

A defendant challenging a search under <u>Franks</u> is not entitled to an evidentiary hearing without first making "a substantial preliminary showing that there was an intentional or reckless omission from a warrant affidavit that was necessary to the finding of probable cause." United States v. Hansen, 27 F.4th 634, 637 (8th Cir. 2022), reh'g denied, No. 21-1403, 2022 WL 1164042 (8th Cir. Apr. 20, 2022) (citing United States v. Snyder, 511 F.3d 813, 816 (8th Cir. 2008)).  "This substantiality requirement is not met lightly and requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements." Hansen, 27 F.4th at 67 (quoting United States v. Gonzalez, 781 F.3d 422, 430 (8th Cir. 2015).

Defendant Hunt argues:

The affidavit's claim that the package contained a controlled substance was false or misleading. Without this false or misleading claim, the affidavit would not have established probable cause for a warrant because Hunt's alleged intent to receive a controlled substance provided the basis for the belief that Hunt was involved in criminal activity. If Hesser's false claim of the identity of the substance is ignored, the affidavit would not have established probable cause for the search of his business.

(Filing No. 33, at CM/ECF pp. 4-5).

Defendant argues Hesser made statements with reckless disregard for the truth by submitting an affidavit stating the NIK-R test indicated the pills were Alprazolam, a controlled substance. Hunt claims Hesser knew or should have known that the "NIK-R field tests routinely return positive results for substances that are not controlled." (Filing No. 33, at CM/ECF p. 5). Although this statement is recited in his brief, Hunt has offered no evidence—by affidavit or otherwise—to support it. There

is no evidence of record stating the NIK-R is unreliable when used to field test for Alprazolam, or even assuming that is true, that the officer had any reason to know that. A laboratory test report received months later has no bearing on what the affiant officer knew or should have known when the warrant application was presented to the judge. "[A] presumptive field drug test, by itself, is sufficient probable cause to arrest even if the confirmatory test comes out negative." Michel v. United States, No. 16CV277-GPC(AGS), 2017 WL 4922831, at *9 (S.D. Cal. Oct. 31, 2017) (collecting cases).

Moreover, a field test need not be infallible to nonetheless provide probable cause to conduct a search. See e.g., United States v. Donnelly, 475 F.3d 946, 955 (8th Cir. 2007) (holding the alert of a drug dog supported probable cause although the dog was not "a model of canine accuracy"). "The possibility of false positives does not render field tests insufficient to support probable cause." Fincher v. Monroe Cnty. Bd. of Commissioners, No. 5:18-CV-00424-TES, 2020 WL 1518625, at *9 (M.D. Ga. Mar. 30, 2020) (citing Brown v. Sirchie Acquisition Co., LLC, No. 1:16-CV-175-SCJ, 2017 WL 4082690, at *12 (N.D. Ga. 2017) aff'd, 694 F. App'x 745 (11th Cir. 2017) (citing McCabe v. Gonzales, No. 1:13-CV-435-CWD, 2015 WL 5679735, at *8 (D. Idaho Sept. 25, 2015)). So, even had the affidavit stated the NIK-R test may provide a false positive indication for the presence of controlled substances, when considered with the additional information within the warrant affidavit (a shrink-wrapped package containing approximately 500 pills being shipped from Canada to a Nebraska man with a felony record), there would still be probable cause to issue the warrant.

Finally, even if the pills shipped to Hunt were not controlled substances, his receipt of unlabeled pills from a foreign country was nonetheless a violation of federal law. "[V]irtually all importation of drugs into the United States by individual consumers violates the [Federal Food, Drug, and Cosmetic Act], because the drugs are not approved in accordance with 21 U.S.C. § 355, are not labeled as required by

5

21 U.S.C. § 352, or are dispensed without a valid prescription in contravention of 21 U.S.C. § 353(b)(1)." In re Canadian Imp. Antitrust Litig., 470 F.3d 785, 788–89 (8th Cir. 2006).

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 32) be denied in its entirety without a hearing.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on **August 29, 2022**, or as soon thereafter as the case may be called, for a duration of three (3) trial days.  Jury selection will be held at the commencement of trial.

July 20, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge