IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3105 |
| vs. | |
| MICHAEL JAMES HUNT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Michael Hunt's objection (filing 47) to the Findings, Recommendation, and Order (filing 44) of the Magistrate Judge, recommending that the defendant's Motion to Suppress (filing 32) be denied without a *Franks* hearing. The Court has conducted a *de novo* review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). The Court concurs in the Magistrate Judge's factual findings, analysis, and conclusions of law outlined in the record. Filing 44.

However, Mr. Hunt argues that the Magistrate Judge, in issuing this order, failed to consider the entirety of his argument—specifically, that law enforcement officers *intentionally* made false statements to secure the search warrant for his business. *See* filing 47 at 2. The Court will briefly address this issue.

In September 2020, United States Customs and Border Patrol (CBP) officers intercepted a package shipped to Mr. Hunt from Canada that contained approximately 500 pills in shrink-wrapped packaging. Filing 44 at 2. A NIK-R field test used by the CBP officers allegedly showed that the pills were Alprazolam (Xanax), a schedule IV controlled substance. Filing 44 at 2. This information was relayed to Special Agent Mike Einspahr with the U.S.

Department of Homeland Security, who in turn contacted Investigator Hesser with the Nebraska State Patrol. Filing 44 at 2.

Investigator Hesser applied for and received a warrant to search Mr. Hunt's business in North Platte, Nebraska, upon the completion of a controlled delivery of the package to this location. Filing 44 at 2. In his warrant affidavit, Investigator Hesser asserted that "[t]he pills were tested utilizing 'NIK R' field test. The pills tested positive for Alprazolam (Xanax)." Filing 36-1 at 2. And when officers searched Mr. Hunt's business pursuant to this warrant, they located approximately 300 rounds of ammunition. Filing 44 at 3. Investigator Hesser then applied for and received a second warrant for Mr. Hunt's residence where firearms were located. Filing 44 at 3. Five months after these warrants were issued, a Nebraska State Patrol laboratory report concluded that the pills intercepted by the CBP officers were *not* Alprazolam, but instead, Etizolam, which is not a controlled substance. Filing 36-3.

In light of these conflicting test results, Mr. Hunt filed a motion to suppress and requested a *Franks* hearing (filing 33), arguing that (1) either the CBP officers or Hesser lied about the field test yielding a positive result for Alprazolam, or alternatively, (2) the officers' claims that the pills were Alprazolam were made with reckless disregard for the truth since they knew or should have known that the NIK-R field tests routinely return false positives. Filing 33 at 5. And the Magistrate Judge analyzed whether Mr. Hunt made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *see* filing 44 at 4.

2

Ultimately, the Magistrate Judge denied Mr. Hunt's motion to suppress and request for a *Franks* hearing. *See* filing 44. In doing so, the Magistrate Judge thoroughly addressed the holes in Mr. Hunt's second argument, *see* filing 44 at 4-5, and the Court unreservedly agrees with the Magistrate Judge's conclusion: Mr. Hunt failed to make a substantial preliminary showing that the officers' statements about the field test results were made with a reckless disregard for the truth. *See* filing 44 at 4-5. Apart from bald assertions, Mr. Hunt "has offered no evidence" establishing that NIK-R field tests are consistently unreliable in identifying Alprazolam or that the officers had any reason to believe this was the case. Filing 44 at 4-5. Therefore, the Court will not grant a *Franks* hearing based on Mr. Hunt's assertion that the officers recklessly disregarded the truth by relying on the NIK-R field test results.

But Mr. Hunt alternatively argues that either the CBP officers or Investigator Hesser *intentionally* lied about the field test results to obtain a search warrant for his business. Filing 33 at 5. In support of his argument, Mr. Hunt points to the Nebraska State Patrol laboratory report confirming that the intercepted pills were *not* a controlled substance. He argues that the conflicting test results offer circumstantial evidence that officers lied about the field test results. While the Court agrees that the conflicting test results offer circumstantial evidence, whether this evidence is sufficient to justify a *Franks* hearing is a much closer call.

Affidavits supporting a search warrant are given a presumption of validity. *Franks*, 438 U.S. at 171. Therefore, to make a substantial preliminary showing of a deliberate falsehood, a defendant's allegations must be more than conclusory. *Id.* Instead, a defendant must identify the specific portion of the warrant affidavit that is allegedly false and accompany this assertion with an

3

offer of proof. *Id*. This burden is not lightly met. United States v. Williams, 477 F.3d 554, 557-58 (8th Cir. 2007).

As stated above, Mr. Hunt has clearly identified the portion of the warrant affidavit that he argues is the product of intentionally false statements—that the field test returned a positive result for Alprazolam. *See* filing 47 at 1-2. And as an offer of proof, Mr. Hunt provided the report authored by the Nebraska State Patrol confirming that the pills were, in fact, not a controlled substance. But these inconsistent test results are not enough, on their own, to make a *substantial* preliminary showing that the officers in this case were lying, especially since, as Mr. Hunt concedes, this inconsistency could also be explained by a false positive. *See* filing 33 at 5. In fact, this alternative explanation may actually be better supported by the evidence given the chemical relation between Etizolam and Alprazolam. *See* filing 42-1; filing 42-2.

In sum, Investigator Hesser's warrant affidavit and the information within it—including his statement that a field test conducted on the pills by CBP officers gave a positive result for Alprazolam—are given a presumption of validity. And without affirmative evidence that Hesser or the CBP officers fabricated these field test results, Mr. Hunt's accusation is speculative and insufficient to warrant a *Franks* hearing. *See* United States v. Turner, 953 F.3d 1017, 1021-22 (8th Cir. 2020). Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings, Recommendation, and Order (filing 44) are adopted.

4

2. The defendant's objection (filing 47) is overruled.

3. The defendant's Motion to Suppress (filing 32) is denied without a *Franks* hearing.

Dated this 21st day of September, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge